**Ralph DUNLAP, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, Bill Martin, Director of the Michigan Department of Corrections, and Mary Berghuis, Warden, Defendants–Appellees.**

No. 02–1230.

United States Court of Appeals, Sixth Circuit.

May 28, 2003.

Before KEITH, BATCHELDER and CLAY, Circuit Judges.

CLAY, Circuit Judge.

Ralph Dunlap, a Michigan prisoner proceeding *pro se*, appeals a February 19, 2002 order dismissing his civil rights action brought pursuant to 42 U.S.C. § 1983. While incarcerated, Petitioner has filed at least ten federal lawsuits. We **AFFIRM** the district court.

From the outset, we note that Plaintiff's handwritten appellate brief is largely incomprehensible. We cannot evaluate arguments that Plaintiff has failed to make discernable. On appeal. Plaintiff appears to complain about a constitutional violation that allegedly transpired during his parole hearing, although in his district court filings, Plaintiff seems to have argued that prison officials violated his First Amendment rights by refusing to provide him with stamps to mail papers to court. To the extent Plaintiff did not raise this argument below, he has now waived it. *See, e.g., United States v. Universal Mgmt. Servs., Inc.,* 191 F.3d 750, 759 (6th Cir. 1999) ("Because the issue was not raised in the district court below, Appellants have waived their right to argue the point on appeal."); *White v. Anchor Motor Freight, Inc.,* 899 F.2d 555, 559 (6th Cir.1990) ("This court will not decide issues or claims not litigated before the district court."); *Thurman v. Yellow Freight Sys., Inc.,* 97 F.3d 833, 835 (6th Cir.1996) (explaining claims not raised before the district court must be considered waived); *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 729 (6th Cir.1996) (noting argument not raised before the district court is not properly before us).

Plaintiff has also violated Rule 28(a) of the Federal Rules of Appellate Procedure. That rule states that an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R.APP. P. 28(a)(9)(A). Plaintiff's submission does not conform to this requirement.

To the extent, if any, that some of Plaintiff's claims are not waived and are supported by legal authority, the district court properly concluded that the claims are meritless. Since we cannot add to the district court's analysis, a full written opinion from this Court would serve no jurisprudential purpose. We agree with the district court that Plaintiff has "no good-faith basis for an appeal." *Dunlap v. Mich. Dep't of Corr.,* ECase No. 4:01–cv–118, slip op. at 10 (Feb. 20, 2002).

For these reasons, we **AFFIRM** the district court.